IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00315-DGK-08 |
| | ) | |
| ROY O. FRANKLIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTIONS TO SUPPRESS

Now before the Court are Defendant Roy O. Franklin, Jr.'s "Motion to Suppress Evidence Seized Pursuant to Order Authorizing Interceptions of Wire and Electronic Communications," ECF No. 647; Defendant's "Motion to Suppress Evidence Seized Pursuant to Search Warrant Obtained For Social Media Records," ECF No. 648; Magistrate Judge Jill Morris' Report and Recommendation recommending the motions be denied, ECF No. 709; and Defendant's Objections to the report, ECF No. 790.

After reviewing the report and conducting an independent review of the applicable law and record, *see* L.R. 74.1(a)(2), the Court agrees with the Magistrate's holdings that, with respect to the wiretap orders: (1) the wiretap applications for both Target Telephone 6 and Target Telephone 9 contained within the four corners of each information establishing under the totality-of-the-circumstances that a fair probability that Defendant was committing the offense of possession with the intent to distribute a controlled substance, thus establishing probable cause to issue each order; (2) each application established the necessity of the wiretap because conventional investigatory techniques had been unsuccessful in exposing the full extent of the conspiracy and identity of each coconspirator; (3) even if the search warrant applications were deficient in some way, the search

was lawful under the good-faith exception to the exclusionary rule; and (4) even if Special Agent McKelway had not first obtained Defendant's Instagram data, he still would have sought wiretaps for Target Telephones 6 and 9 based on intercepts of Target Telephones 1 and 7. This information would have independently provided the probable cause necessary for the issuance of the wiretap applications for Target Telephones 6 and 9, so there was an independent source for information which would have led a magistrate to issue the wiretap orders.

With respect to the search warrant for Defendant's social media, that is, his Instagram Account, the Court agrees with the Magistrate's holding that Defendant's motion to suppress was timely made. With respect to the warrant itself, the Court agrees with the Magistrate's holding that: (1) the information contained within the four corners of Special Agent McKelway's affidavit established that the search warrant was supported by probable cause; (2) the warrant, which sought the entirety of Defendant's Instagram account, was not deficient as a general warrant, *see United States v. Jones*, 19-cr-341, 2021 WL 1321270, at *12-13 (D. Minn. Jan 7, 2021); (3) the Instagram account data provided by Facebook did not exceed the warrant's scope; and (4) even if the search warrant application was deficient in some way, the search was lawful under the good-faith exception to the exclusionary rule.

The Court ADOPTS the Report and Recommendation and DENIES Defendant's motions.

**IT IS SO ORDERED.**

Date:  August 18, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT