IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00315-02-DGK |
| | ) | |
| ROY FRANKLIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT FRANKLIN'S MOTION FOR ACQUITTAL, OR ALTERNATELY, A NEW TRIAL

Pending before the Court is Defendant Roy Franklin, Jr.'s motion for judgment of acquittal, or in the alternative, for a new trial. ECF No. 889. The motion is DENIED for the following reasons.

Federal Rule of Criminal Procedures 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Eighth Circuit has cautioned that "[a] motion for judgment of acquittal should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any essential elements of the crime charged." *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993) (citation omitted). In ruling on such a motion, "the court can neither weigh the evidence nor assess the credibility of the witnesses." *Id.* The court draws all reasonable inferences and resolves all evidentiary conflicts in favor of the jury's verdict, but "the government is not entitled to inferences based on conjecture and speculation." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010).

Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." A district court must exercise its authority under Rule 33 "sparingly and

with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009). In order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.* (internal quotation marks omitted).

In support of his motion for acquittal, Defendant argues that there was insufficient evidence of a drive-by shooting to support a conviction on Count VI (firing a weapon into a group of two or more persons in furtherance of a major drug offense) or Count VII (discharging a firearm in furtherance of a crime of violence, namely a drive-by shooting) because there was no eyewitness testimony or other visual evidence of the shooting. These arguments are unavailing because there was testimony from a confidential informant who testified about what Defendant told him about the drive-by shooting, and this information is corroborated by other evidence of the shooting, including physical evidence. Granted, the informant testified that Defendant told him they shot at "an individual," but there is other evidence in the record from which the jury could infer Defendant used a firearm to shoot into a group of two individuals during a drive-by shooting.

Turning to Defendant's alternate request for a new trial, Defendant contends the Court committed errors of sufficient magnitude, either alone or in combination, that the Court should grant a new trial. Specifically, Defendant argues the Court erred by: (1) declining to give Defendant's proposed "buyer-seller relationship" instruction to the jury; (2) failing to instruct the jury on entrapment as it relates to the charge of conspiracy to distribute cocaine; (3) forbidding counsel from inquiring on cross-examination about the confidential informant's prior status as a "fugitive from justice" when he failed to appear in court in Johnson County, Kansas, on November 30, 2017; (4) failing to conduct a *Daubert* hearing to determine the admissibility of opinion testimony by Kyla Skinner (ballistics comparisons) and Timothy Flohrschutz (cell phone data location); (5) failing to grant Defendant's motions to suppress social media records and intercepted wire and electronic communications; (6) failing to conduct a *Franks* hearing concerning wire or

oral communications intercepted from Target Telephone 9; and (7) failing to conduct a *James* hearing regarding the admissibility of co-conspirator statements under F.R.E. 801(d)(2)(E).[1]

These arguments are without merit. The evidence adduced at trial did not warrant the Court giving the requested instructions, particularly in light of controlling Eighth Circuit caselaw. The Court did not err in declining to permit counsel to cross-examine the confidential informant about his failure to appear in court, and even if the Court did err, this error had no impact on the verdict. Nor did the Court err in failing to suppress social media records and intercepted wire or electronic communications, because this evidence was not obtained in violation of the Constitution or laws of the United States, and it was relevant, admissible, and not unfairly prejudicial. Finally, the Court did not err in declining to hold any *Daubert* or *James* hearings because such hearings were not warranted under the record here.

In conclusion, the Court did not err in these rulings, nor does the evidence weigh so heavily against the verdict that a miscarriage of justice may have occurred. Indeed, the evidence against all Defendants, including Defendant Franklin, was overwhelming.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: November 16, 2022          /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT

---

[1] Counsel acknowledges that on this point he is arguing for a change in the existing law of this Circuit.

3